UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jonathan Hudak,<br><br>　　　　　　Plaintiff,<br>v.<br><br>The Berkley Group, Inc. and<br>Caribbean Cruise Line, Inc.,<br><br>　　　　　　Defendants. | Civil Action No.: 3:13-cv-00089-WWE<br><br>FIRST AMENDED COMPLAINT |

For this First Amended Complaint, the Plaintiff, Jonathan Hudak, by undersigned counsel, states as follows:

### JURISDICTION

1.　　This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.　　This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.　　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.　　Personal jurisdiction exists because: (a) Plaintiff's claims arise out of or relate to multiple phone calls Defendants purposefully made, or purposefully caused to be made, into the State of Connecticut to Plaintiff; and (b) Defendants routinely call consumers in the State of Connecticut using the exact same method and messaging as Plaintiff complains of herein.

5.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

6. Plaintiff Jonathan Hudak is an adult individual residing in Wilton, Connecticut.

7. Defendant The Berkley Group, Inc. (hereafter "Berkley") is a corporation organized and existing under the laws of the State of Florida and has an address of 3015 North Ocean Boulevard, Suite 121, Fort Lauderdale, Florida 33308.

8. Defendant Berkley represents that it is in the business of "marketing and selling timeshare communities through its development companies."

9. Defendant Caribbean Cruise Line, Inc. (hereafter "CCL") is a corporation organized and existing under the laws of the State of Florida and has an address of 2419 East Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33308.

10. The parent corporation of CCL is Resort Marketing Holdings, Inc.

11. CCL is licensed as a "Seller of Travel" in the State of Florida.

## FACTS

12. Defendants Berkley and CCL (collectively, the "Defendants") work in concert to market and/or sell timeshare properties.

13. In furtherance of this joint marketing effort, within the past four years, Defendants made, or caused a third-party to make on their behalf, up to two calls a day to Plaintiff's cellular phone using an automated telephone dialing system with an artificial or prerecorded voice (hereafter "Robocalls").

14. In total, Defendants have placed, or caused to be placed, hundreds of Robocalls to Plaintiff's cellular telephone.

15. Defendants' Robocalls started with the sound of a horn and continued with an artificial or prerecorded voice prompting Plaintiff to stay on the line to claim the "free" cruise to the Bahamas he won.

16. The "free" cruise is not free, as persons accepting this cruise offer are required to pay various fees and/or costs.

17. Defendants further require that persons accepting this offer attend a sales presentation for various timeshares that Defendants market, including the Vacation Village at Bonaventure in Fort Lauderdale, Florida and Vacation Village at Parkway in Orlando, Florida.

18. On its website caribbeancl.com, Defendant CCL describes its involvement in this joint marketing effort with Defendant Berkley to promote certain timeshare properties. In pertinent part, the "Terms and Conditions" section sets forth as follows:

> This is an offer to sell travel and all recipients are entitled to the free round-trip Caribbean Cruise Line cruise with meals and entertainment included to and from Grand Bahama Island, with no purchase necessary.

\* \* \*

> Caribbean Cruise Line markets and is responsible for quality travel packages to promote specific hotels and resorts in Orlando, Ft. Lauderdale, and Grand Bahama Island which it exclusively owns and operates, and in return requires the attendance at a presentation on the sale of independent vacation ownership resorts such as Vacation Village at Bonaventure and Vacation Village at Parkway.

\* \* \*

> This advertising material is being used for the purpose of soliciting sales of a vacation ownership plan.

19. The two timeshare properties that Defendant CCL mentions by name on its website (Vacation Village at Bonaventure and Vacation Village at Parkway) are two of the properties that Defendant Berkley markets and sells.

20.     Because the subject telephone calls offering a "free" cruise were also made with the purpose of soliciting timeshare sales, they were made on behalf of and/or the direction of both Defendants in furtherance of their joint telemarketing scheme. Accordingly, each of the Defendants is responsible for these calls to Plaintiff and the violations of the TCPA arising therefrom. *See, e.g. Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748, *1 (N.D.Ill. Dec. 31, 2012) ("The Court also rejects defendants' contention that liability attaches under the TCPA only to the party that actually placed the call.").

21.     Because all of the subject phone calls were for telemarketing purposes, none of them were initiated for emergency purposes or for any other exemption under the TCPA.

22.     Plaintiff has no prior business relationship with Defendant CCL or Defendant Berkley and never gave his consent to either Defendant to be contacted on his cellular phone.

23.     Defendants' joint telemarketing scheme to solicit timeshare sales through "free" cruise offers is widespread. For instance, in giving Defendant CCL and "F" rating, the Better Business Bureau ("BBB") noted on its website that 1336 complaints were closed in the last 3 years. Under the section entitled "Additional Complaint Information," the BBB set forth, in pertinent part:

> Our file contains a pattern of complaints from consumers who state they were contacted by this company and told they won a free three day two night cruise to the Bahamas. The only fees mentioned are the port fees in the amount of $59 per person. Some consumers state they are not told of additional fees or that they must attend a two hour timeshare presentation as a part of the agreement. Consumers report the timeshare presentation is very high pressure as well as high pressure sales to upgrade their cruise.

24.     Defendants either negligently or willfully violated the rights of Plaintiff and other recipients in placing these unsolicited telemarketing calls.

25.     Defendants' Robocalls were extremely aggravating to Plaintiff.

26.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

27.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

28.     Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

29.     Defendants made, or caused to be made, hundreds of telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a telemarketing message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including the above-cited provision.

31.     Defendants violated the TCPA even if their actions were only negligent.

32.     Because the subject telemarketing calls were made on behalf of and/or for the benefit of each of the Defendants, Defendant Berkley and Defendant CCL is each responsible for each and every TCPA violation arising from these calls.

33.     Plaintiff is entitled to damages as a result of the Defendant's violations, including statutory damages under the TCPA.

## **COUNT II**

### **Violation of Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110b**

34.     Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

35.     Defendant engaged in a pattern of deceptive and unfair trade practices designed to mislead and injure Plaintiff by making, or causing to be made, hundreds of telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a telemarketing message without the prior express consent of the Plaintiff.

36.     Defendant's telephone calls misrepresented to Plaintiff that he had won a "free" cruise because the calls failed to adequately disclose various fees, costs and conditions associated with accepting Defendant's offer.

37.     The aforesaid acts are immoral, unethical, oppressive, deceptive and unscrupulous and, as such, constitute unfair and deceptive trade practices pursuant to Connecticut General Statutes § 42-110b.

38.     The aforesaid acts by Defendant caused substantial injury to Plaintiff in the form of an ascertainable loss of money, entitling Plaintiff to damages under Connecticut General Statutes § 42-110g.

39.     By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and (C);

2. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations;

3. Actual and punitive damages pursuant to C.G.S.A. § 42-110(g)(a).

4. Attorneys' fees and costs of suit pursuant to C.G.S.A. § 42-110(g)(d); and

5. Such other and further relief as the Court deems just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 8, 2013

        Respectfully submitted,

        By: ___*/s/ Sergei Lemberg*___

        Sergei Lemberg, Esq.
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2013, a true and correct copy of the foregoing First Amended Complaint was filed with the Clerk of Court for the United States District Court for Connecticut using the CM/ECF system and that the document is available online.

                                                                            /s/Sergei Lemberg
                                                                             Sergei Lemberg, Esq.