UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JONATHAN HUDAK,

Plaintiff,

CASE NO. 3:13-cv-0089-WWE

v.

THE BERKLEY GROUP, INC., and
CARIBBEAN CRUISE LINE, INC.,

Defendants.
_______________________________________/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT AND MOTION TO STRIKE CERTAIN DAMAGES**

Defendants The Berkley Group, Inc. ("Berkley") and Caribbean Cruise Line, Inc. ("CCL") (collectively, "Defendants") submit this reply to Plaintiff's Response[1] (the "Response") to Defendants' Motion to Dismiss Plaintiff's Amended Complaint[2] (the "Amended Complaint") and Motion to Strike Certain Damages[3] (the "Motion").

## I. INTRODUCTION AND BACKGROUND

In a desperate attempt to circumvent the requirements of Federal Rule of Civil Procedure 15 and well-established case law, Plaintiff's Response attempts to introduce new allegations and legal theories that were not pleaded in the Amended Complaint in the futile attempt to survive Defendants' Motion. Plaintiff's attempt to play by his own set of rules and amend his Amended Complaint via the Response should not be tolerated.

Plaintiff's tactics cannot change dispositive law. The Response and supporting declaration wholly fail to refute Defendants' arguments and the law upon which Defendants rely,

1. DE 21 (the "Amended Complaint").
2. DE 22 (the "Motion").
3. DE 24 (the "Response").



ORAL ARGUMENT REQUESTED: ___YES _X_NO

and instead, attempt to confuse this Court with new allegations and inadmissible hearsay.[4] The Amended Complaint and the Response still include nothing more than conclusory, boiler-plate allegations and do not cure any of the deficiencies raised by the Motion. Therefore, because (1) Plaintiff does not, because he cannot, meet his burden of establishing a prima facie case of specific jurisdiction over Defendants; (2) the Amended Complaint impermissibly lumps both Defendants together, (3) Plaintiff has not sufficiently alleged a claim for "on behalf of" liability under the TCPA against either Defendant, and (4) Plaintiff does not adequately plead that Defendants made calls using an artificial or pre-recorded voice, the Amended Complaint must be dismissed. Moreover, because the TCPA does not permit damages for "emotional distress," which are different than "actual damages," Plaintiff's demand for such damages should be stricken.

## II. ARGUMENT

### A. Plaintiff does not, because he cannot, meet his burden of establishing a prima facie case of specific jurisdiction over Defendants.

It is indisputably Plaintiff's burden to establish a *prima facie* case of personal jurisdiction over each Defendant.[5] However, Plaintiff seeks to shift the burden, replete with citations to the Amended Complaint, as well as seeking to introduce inadmissible hearsay and innuendo in place of real evidence, and puts the onus on CCL and Berkley to prove that they are ***not*** subject to

---

4. *See* Motion to Strike Declaration of Sergei Lemberg ("Lemberg Dec.") DE 26 (the "Motion to Strike"). As argued in more detail in the Motion to Strike, the Lemberg Dec. attempts to introduce irrelevant and inadmissible exhibits for this Court's consideration of the Motion. The exhibits are not properly authenticated under Fed.R.Evid. 801, are highly prejudicial under Fed.R.Evid. 403, and have no bearing on the issues before the Court in the Motion. As such, the Lemberg Dec. and the exhibits it seeks to introduce should be stricken from the record.

5. *See Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Group, Inc.*, 312 F. Supp. 2d 247, 251 (D. Conn. 2004) (plaintiff failed to overcome burden of making a prima facie showing that personal jurisdiction existed over the moving defendant).

personal jurisdiction. Plaintiff's strategy is contrary to well-established law. The burden of proof does not shift to the party challenging personal jurisdiction.[6] Moreover, Plaintiff cannot simply cite to his allegations in the Amended Complaint, which are not evidence, to support personal jurisdiction. Plaintiff must produce ***some evidence*** beyond the Amended Complaint as to ***each*** Defendant – he cannot simply rely on conclusory allegations as to the Court's personal jurisdiction over either Defendant.[7]

Nevertheless, and despite all case law to the contrary, Plaintiff begins his jurisdictional arguments by conclusorily asserting that jurisdiction exists based on Connecticut's long-arm statute because Plaintiff's TCPA claim "arises from Defendants' admitted solicitation of business in Connecticut."[8] Plaintiff cites to the affidavit of Robert Mitchell[9] in an attempt to support the alleged "admitted solicitation," however, the affidavit makes no mention of Berkley soliciting business in Connecticut, and the Motion clearly states that the only connection CCL has with Connecticut is *completely unrelated* to Plaintiff's claims.[10]

Likewise, Plaintiff's attempt to satisfy Connecticut's long-arm statute based on Defendant's supposed "repeated solicitations" within Connecticut equally relies on improper conclusory allegations. Indeed, Plaintiff makes some impressive illogical leaps to arrive at his ultimate conclusory allegation that Defendants have engaged in repeated business within Connecticut, which is not apparent in any of the pleadings in this case, and certainly not a part of any evidentiary proffer by Plaintiff. Plaintiff irrationally states that because CCL admits that its

---

6. *See Am. Wholesale Ins. Group, Inc.*, 312 F. Supp. 2d at 251; *see also Rivera v. Armstrong*, No. 303CV1314 DJS TPS, 2007 WL 683948, at *1 (D. Conn. Mar. 2, 2007) (defendant does not have burden of proving lack of personal jurisdiction).

7. *See Armstrong*, 2007 WL 683948, at *1.

8. DE 24 at 4 and 7.

9. DE 18-1.

10. DE 18 at

"contact with residents in Connecticut is ***limited*** to direct mailing and phone calls… [that] this is a case where Defendants ***repeatedly*** solicit business in Connecticut."[11] As though that illogical black hole is not enough to prove Plaintiff is grasping for jurisdictional straws, Plaintiff attempts to cite his own non-factually-based statement in his Amended Complaint as proof of Defendants' alleged "repeated solicitations," which is completely improper and fails to provide any actual support for Plaintiff's jurisdictional allegations.[12]

Plaintiff finishes off his "repeated solicitations" argument by stating that it is supposedly "uncontroverted" that Defendants made the alleged calls to Plaintiff's cell phone in Connecticut. Assuming *arguendo* that Defendants did engage in repeated solicitation within Connecticut, which as shown above, Plaintiff has blatantly failed to sufficiently claim, each and every jurisdictional allegation is ***expressly*** contraverted by the affidavits of Robert Mitchell[13] and Rebecca Foster.[14] As detailed specifically in the Mitchell and Foster affidavits, Berkley and CCL ***did not*** call Plaintiff. Because CCL's admitted solicitation of business in Connecticut has *nothing* to do with the facts of this case and because Plaintiff has completely failed to factually support Defendants' supposed "repeated solicitation" within Connecticut, Plaintiff still has not properly alleged that specific personal jurisdiction exists in this instance.[15]

Plaintiff's Response does not show a shred of evidence that either Defendant should be subject to jurisdiction. Indeed, Plaintiff did not even provide a sworn affidavit to at least *attempt* to contradict the statements made in the Mitchell and Foster affidavits and to support his

---

11. *See* DE 24 at 5 (internal citations and quotations omitted) (emphasis added).

12. *See* DE 24 at 5; Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

13. *See* DE18-1 ("Mitchell Aff.").

14. *See* DE18-2 ("Foster Aff.").

15. Plaintiff's Response abandons any contention that either Defendant could be subject to general jurisdiction in Connecticut.

argument that the alleged complained-of call(s) actually occurred. Instead, Plaintiff relies on an irrelevant, hearsay-ridden, and prejudicial declaration from his attorney, who has *no relation to the underlying facts of this case*.

Although Plaintiff's long-arm jurisdictional argument entirely fails given the analysis set forth above, Plaintiff nevertheless attempts to establish that personal jurisdiction over Defendants comports with due process. Due process requires that Defendants have sufficient minimum contacts with the forum such that Plaintiff's suit "does not offend "traditional notions of fair play and substantial justice."[16] Rather than provide an actual basis for his due process argument, Plaintiff continues to spout his conclusory assertions without any factual support. Indeed, Plaintiff grasps at a legal theory only mentioned as an afterthought in the Amended Complaint, namely, that Defendants are subject to personal jurisdiction in Connecticut because if neither of them made the call to Plaintiff, then a third party must have done it on their behalf.[17] However, Plaintiff did not plead any agency, vicarious liability, or "on behalf of" liability allegations in the Amended Complaint; nor has any such evidence been submitted in support of his Response.[18] Rather, Plaintiff pleaded a legal conclusion, devoid of any factual support that "Defendants made, or caused a third-party to make on their behalf, up to two calls a day to Plaintiff's cellular phone using an automated telephone dialing system with an artificial or prerecorded voice."[19]

---

16. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

17. DE 24 at 7-8.

18. Plaintiff cannot introduce these new allegations now. *See*, *e.g.*, *Coger v. Connecticut*, 309 F. Supp. 2d 274, 279-80 (D. Conn. 2004) *aff'd sub nom. Coger v. Connecticut Dept. of Pub. Safety*, 143 Fed. Appx. 372 (2d Cir. 2005) (court refuses to consider an affidavit that presented new claims and stated: "A claim must be set forth in the pleadings…"). Additionally, Plaintiff's attempt to show that these Defendants have worked together in the past or currently do business with one another has nothing to do with whether either made the subject telephone call or even whether some unknown third party made the telephone call (Plaintiff's new theory).

19. DE 21 at ¶13.

As discussed further in Subsection C, *infra*, Plaintiff cannot hang his hat on this unadorned allegation – neither to make a *prima facie* showing of jurisdiction against each Defendant, nor to state a claim under the TCPA. Plaintiff has made no showing with any ***evidence*** tying either Defendant to Connecticut. As such, there is no specific jurisdiction and the minimum contacts requirement cannot be met here; as a result, exercise of jurisdiction over CCL and/or Berkley does not comport with due process.[20] Therefore, Defendants' Motion to Dismiss should be granted for lack of personal jurisdiction.

Moreover, as discussed further in the Motion to Strike, Plaintiff cannot introduce inadmissible hearsay as another ruse to amend the Amended Complaint with his Response and convince this Court into granting jurisdictional discovery. Clearly, if there was any evidence whatsoever to support Plaintiff's claims, he would have used it in support of the Amended Complaint or the Response. Plaintiff should not be permitted to go on a fishing expedition through Berkley and CCL's files and continue to harass them with his baseless claims.[21]

**B. The Amended Complaint impermissibly lumps both Defendants together**.

The Response next attempts to survive the Motion using the same tactics employed in the Amended Complaint: impermissibly lumping Defendants together. The thrust of Plaintiff's argument is that he "alleges that each Defendant engaged in the same illegal conduct by making, or causing to make, unsolicited telemarketing Robocalls to Plaintiff's residential line without her

---

20. *World-Wide Volkswagen*, 444 U.S. at 291-92.

21. Plaintiff claims that granting Defendants' Motion would "strip the TCPA of its teeth." DE 24 at 3. However, denying the Motion strips the Connecticut Long Arm Statute and the Due Process Clause of the United States Constitution of all meaning. Defendants' lack of minimum contacts with this forum has nothing to do with the substance of the TCPA. Plaintiff could easily file suit against Defendants in Florida, where personal jurisdiction exists over each of them.

[sic] consent" and that this is all Plaintiff needs to allege to survive a 12(b)(6) motion.[22] Plaintiff's theory of the case is nonsensical. Nowhere does Plaintiff explain how it is even possible that both Defendants had exactly the same role and engaged in exactly the same conduct toward Plaintiff. Moreover, Plaintiff's theory of the case for group pleading purposes (Berkley and CCL did exactly the same thing) contradicts his theory of the case for his jurisdictional allegations and "on behalf of" liability under the TCPA. Plaintiff is not permitted to simply throw any allegations against the wall, including contradictory ones, to see what will stick.[23] As such, the Amended Complaint should be dismissed for impermissibly lumping Defendants together and failing to plead plausible facts regarding each Defendant's role here.

### C. Plaintiff has not sufficiently alleged a claim for "on behalf of" liability under the TCPA against either Defendant.

Continuing his strategy to attempt to amend the Amended Complaint via the Response, Plaintiff concludes that he has "adequately [pleaded] that Defendants violated the TCPA by making, *or causing to be made*, telemarketing calls[.]"[24] However, admittedly, the only "specific factual allegations" Plaintiff states regarding this legal theory is the unadorned allegation that "Defendants made, or caused a third party to make on their behalf…"[25] Thereafter, Plaintiff tries to bolster this legal conclusion by asserting that the products being marketed are similar to that of Defendants'.[26] The smoke and mirrors Plaintiff attempts to erect here, however, are not enough to allege a TCPA violation by either Defendant. Indeed, to avoid dismissal, Plaintiff is required to state a *plausible* claim, and cannot merely assert any illogical reason as a basis for his

22. DE 24 at 19-20.

23. *Twombly,* 127 S.Ct. at 1974; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *see also Hanley v. Green Tree Servicing, LLC*, Case No. 12 C 4158, 2013 WL 1189697, *2 (N.D. Ill. Mar. 21, 2013).

24. DE 24 at 16 (emphasis added).

25. DE 21 at ¶13.

26. DE 24 at 18.

allegations.[27]

Moreover, subsection 227(b)(1) of the TCPA only makes it unlawful to "make" or "initiate" a call and says nothing about calls being made on another person or entity's "behalf."[28] Neither that prohibition nor the accompanying private right of action mentions liability against any other party. Subsection 227(c) contains language which allows the imposition of "on behalf of" liability for solicitations to individuals on the "Do Not Call" list. There is even a distinction with respect to the available remedies under these separate statutory subsections, which reveals Congress' intent to not allow "on behalf of" liability for violations of Subsection 227(b).[29]

The omission of any such third party liability language in Section 227(b)(1)(A) is significant. "[I]n enacting the TCPA, Congress wrote precisely."[30] The statutory structure shows that Congress knew how to impose liability on entities other than the "make[r]" of the calls when it wished to do so. Thus, the plain language of the TCPA assigns civil liability pursuant to Section 227(b)(1)(A) solely to the party who "makes" the call, not others.[31] Consistent with

---

27. *Twombly*, 127 S.Ct. at 1974; *Ashcroft*, 129 S.Ct. at 1949.

28. 47 U.S.C. § 227(b)(1)(A).Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list). This is the only section within the entire text of the TCPA where Congress chose to use the words "on behalf of". Subsection 227(c) is not at issue in this case.

29. *Compare* 47 U.S.C. § 227(b)(3)(B) ("$500 in damages for each violation") with 47 U.S.C. § 227(c)(5)(B) (stating that an action may brought against the entity making a call *"on behalf of"* another entity for "up to $500 in damages for each such violation".); *see also* 47 U.S.C. § 64.1200(a) (limiting liability to persons who "initiate" calls) and (d) (finding "*on behalf of*" liability for a failure to honor do not call requests).

30. *International Science & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1152 (4th Cir. 1997).

31. *See Zuni Public School Dist. No. 89*, 550 U.S. at 93-94 (when interpreting a statute, a court should first look to the plain language and attributed meaning and, if the statute on its face is clear and unambiguous, the inquiry should end). Similarly, statutory provisions are to be construed as a whole, and where Congress includes particular language in one section of a statute but omits it in another provision of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion. *See Russello v. United*

Congressional intent, courts addressing the meaning of the terminology used by Congress in the TCPA have found that liability can only exist against the actual ***"maker"*** of the call(s) at issue.[32] For example, in *Mais v. Gulf Coast*, the court held that Congress clearly intended there to be *no vicarious liability* under Section 227(b)(1)(A) of the TCPA. The court explained that by including "on behalf of" language in Section 227(c) and intentionally omitting similar language from Section 227(b), Congress intentionally did not wish to impose liability on anyone other than the actual maker of the calls.[33] Likewise, in *Thomas v. Taco Bell Corp.*, Ms. Thomas was seeking to hold the defendant liable under a theory of "on behalf of" liability, which he claimed existed under the TCPA. The court rejected that theory and specifically held that no "on behalf of" liability exists under Section 227(b)(1)(A)(iii) of the TCPA.[34]

Even if the Court does not believe Congress' silence is controlling with regard to the inapplicability of vicarious liability to Section 227(b)(1)(A) of the TCPA, the general common law principles of agency must be sufficiently pleaded. Here, Plaintiff only alleges that

---

*States, 464 U.S. 16 (1983); Gustafson v. Allyd Corp.*, 513 U.S. 561, 570, 131 L.Ed. 2d 1, 115 S.Ct. 1061 (1995); *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

32. *See Mais v. Gulf Coast Collection Bureau, Inc.*, Case No. No. 11–61936–Civ–Scola, 2013 WL 1899616, --- F.Supp.2d ---- (S.D. Fla. May 8, 2013); *Hurst v. Mauger*, Case No. 11-C-8400, 2013 WL 1686842 (N.D. Ill. April 16, 2013); *Bridgeview Health Care Center Ltd. v. Clark*, Case No. 09-C-5601, 2013 WL 1154206 (N.D. Ill. March 19, 2013).

33. *Mais*, 2013 WL 1899616 at *12 (The court stated that principles of common law vicarious liability should not be applied to Section 227(b) stating: "But because Congress here made a choice about where vicarious liability ought to be imposed, this Court should not go to the common law to alter Congress's choice").

34. *Taco Bell Corp.*, 2012 WL 3047351 at * 4; *see also Mey v. Pinnacle Sec., LLC*, 5:11CV47, 2012 WL 4009718 (N.D.W. Va. Sept. 12, 2012); *Applestein v. Fairfield Resorts*, No. 0004, Sept. Term, 2007, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009). The fact that the court interpreted "initiate" to limit liability solely to the entity making the calls, and not to Fairfield, the entity on whose behalf the calls were being made, certainly yields the conclusion that the use by Congress of the even more restricted term "make" in Section 227(b)(1)(A)(iii) precludes any imposition of "on behalf of" liability. Essentially, the plaintiff in *Applestein* was attempting to impose a nondelegable duty on the defendant to ensure that the telemarketing calls of its independent contractors complied with the TCPA, which the court, rightfully so, refused to do. *Id*. at *8.

"Defendants made, or caused a third party to make on their behalf…" the subject calls.[35] This "unadorned," "naked assertion" is not entitled to an assumption of truth[36] and is simply not enough to establish "on behalf of" liability under the TCPA.[37] To the extent Plaintiff believes in good faith that he can establish a "vicarious liability" theory, separate and apart from the TCPA, he must plead sufficient allegations of direction and control in order to maintain such a theory.[38] As it currently stands, however, the Amended Complaint does not articulate any theory of vicarious or third-party liability and any attempt to do so would be futile. As such, Plaintiff's Amended Complaint fails to state a cause of action against either CCL or Berkley for a violation of the TCPA and thus, must be dismissed.

**D. Plaintiff does not adequately plead that Defendants made calls using an artificial or pre-recorded voice.**

Under Subsection 227(b), sufficient allegations of "direction" and "control" must be

---

35. DE 21 at ¶13.

36. *Iqbal*, 129 S.Ct. at 1949.

37. *See Mais*, 2013 WL 1899616; *Hurst*, 2013 WL 1686842; *Bridgeview*, 2013 WL 1154206.

38. Plaintiff attempts to cite *Desai v. ADT Sec. Services, Inc.*, 2011 WL 2837435, at *1 (N.D. Ill. July 18, 2011) and *Birchmeier v. Caribbean Cruise Line*, 2012 WL 7062748 (N.D. Ill. Dec. 31, 2012). These cases are easily distinguishable. First, in *Desai*, the complaint was only against one defendant – ADT – who the plaintiff alleged either left, or directed another party to leave, an advertising message concerning ADT on plaintiff's cell phone voice mail. Plaintiffs have not alleged such detail or individualized conduct against either CCL or Berkley here. Similarly, in *Birchmeier*, the plaintiff alleged specific allegations regarding the relationship between the parties and how one defendant made calls "on behalf of" the other, *e.g.*, that Caribbean had allegedly "acted under the guise of conducting political surveys but that this was a sham intended to get their foot in the door to sell ocean cruises to the calls' recipients." No such specific allegations have been made against either Berkley or CCL here. Moreover, *Desai* and *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Memorandum Opinion and Order, 100 FCC Rcd 12391, 12397 ¶ 13 (1995) are entirely outdated in light of the recent FCC declaratory ruling, which states that "a seller does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, [rather] it… may be held vicariously liable under federal common law principles of agency." *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, CG11-50, 2013 WL 1934349, *15 (F.C.C. May 9, 2013).

provided."[39] Plaintiff's allegations are inadequate under the TCPA and ask this Court to check its common sense at the door and read into Plaintiff's Amended Complaint allegations that are simply not there. For example, Plaintiff cites *Strickler v. Bijora, Inc.*,[40] for the proposition that "a complaint sufficiently alleges the use of [automatic dialing technology] where it can be inferred that the subject calls were made 'en masse.'"[41] However, in *Strickler*, the Court found that the language of the subject text at issue permitted the inference that an automatic telephone dialing system was used.[42] By contrast, the Amended Complaint only alleges that "Defendants' joint telemarketing scheme . . . is widespread."[43] Plaintiff makes no specific allegations regarding the language of the call other than to say he was offered a free cruise. As such, Plaintiff's TCPA claim should be dismissed for failure to plead that either Defendant used automatic dialing technology.

**E. Plaintiff is not entitled to jurisdictional discovery.**

Pursuant to controlling case law, "jurisdictional discovery is not appropriate when the plaintiff has not made a prima facie case for the exercise of personal jurisdiction."[44] Based on the above analysis, it is clear that Plaintiff has not made such a prima facie case. Plaintiff's argument for the applicability of Connecticut's long-arm statute, his due-process arguments, and any other argument for jurisdiction ultimately fall short of the standard required to support the need for

---

39. DE 22 at 12.

40. 11 CV 3468, 2012 WL 5386089 (N.D. Ill. Oct. 30, 2012)

41. DE 24 at 19.

42. "It can be inferred that the messages were sent en masse given the alleged content of the messages targeting 'Ladies!' (not specific individuals) and advertising 'Blowout!' sales, fashion shows, and parties." *Strickler*, 2012 WL 5386089 at *2.

43. DE 21 at ¶23.

44. *Estate of Nunez-Polanco ex rel. Shapiro v. Boch Toyota, Inc.*, CIV. 3:03CV2251(WWE), 2004 WL 2063406, *1 (D. Conn. 2004); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir.1998)

jurisdictional discovery.[45] Jurisdictional discovery would be a waste of the Court's resources and time, as Defendants did not make the calls alleged in the Amended Complaint, and Plaintiff has not presented any information that would lead the Court to believe discovery would reveal anything to the contrary. Indeed, Plaintiff has not even submitted an affidavit stating that the alleged call(s) actually occurred. Given that Plaintiff has failed to provide *any* factual basis upon which personal jurisdiction can be found, Plaintiff's request for jurisdictional discovery must be denied.[46]

**F. The TCPA's allowance for "actual damages" does not include damages for emotional distress, and thus, Plaintiff's allegations should be stricken**.

Citing no authority, Plaintiff continues to assert his entitlement to "emotional damages" for his TCPA claim.[47] Wholly ignoring the authority cited in the motion to dismiss, Plaintiff asserts that "emotional damages" are considered "actual damages" under the TCPA and that "Plaintiff's [sic] Properly Claims Damages for Emotional Distress."[48] First, it is well-established that where emotional damages are not expected or contemplated, they are considered special damages, not actual damages.[49] The TCPA does not contemplate emotional damages, and one

---

45. *Estate of Nunez-Polanco*, 2004 WL 2063406 at *1 ("While discovery on the question of personal jurisdiction may be appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make a threshold showing that there is some basis for the assertion of jurisdiction") (internal quotations omitted); *Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.*, 770 F.Supp. 832, 838–839 (S.D.N.Y.1991). The Court should note that *Biro v. Conde Nast*, 2012 WL 3262770, *14 (S.D.N.Y. Aug. 10, 2012), which is cited by Plaintiff, only granted jurisdictional discovery *after* the plaintiff in that case made the requisite sufficient start demonstrating a reasonable basis, for asserting jurisdiction" (internal quotations and citations omitted). As explained *ad nauseum* in this Reply and in the Motion to Dismiss, Plaintiff has failed to make such a showing.

46. *Estate of Nunez-Polanco*, 2004 WL 2063406 at *1; *Monsanto Int'l Sales Co.*, 770 F.Supp. at 838–839.

47. DE 24 at 21.

48. DE 24 at 18; *cf.* DE 22 at 18, n. 88.

49. "The phrase is an old one: Special, as contradistinguished from general damage, is that which is the natural, but not the necessary, consequence of the act complained of . . .

would not anticipate that mental anguish would result from receiving unsolicited telephone calls. Thus, the emotional damages would be considered special damages here. However, even assuming – *arguendo* – that Plaintiff was entitled to these sorts of damages, nowhere in the Amended Complaint does Plaintiff allege exactly how his "anger and frustration" resulted in actual damages, or even special damages.[50] As such, Plaintiff's claim for emotional damages should be stricken.

## III. CONCLUSION

For the foregoing reasons, the Amended Complaint must be dismissed and Plaintiff's demand for all damages should be stricken.

DATED: May 30, 2013

*/s/Richard W. Epstein*
Richard W. Epstein, (Fla. Bar No. 229091)
*(Admitted Pro Hac Vice)*
Jeffrey A. Backman, (Fla. Bar No. 662501)
*(Admitted Pro Hac Vice)*
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
richard.epstein@gmlaw.com
jeffrey.backman@gmlaw.com

-and-

Richard A. Roberts, Esq.
Nuzzo & Roberts, LLC
One Town Center
Cheshire, CT 06410
Phone: (203) 250-2000
Fax: (203) 250-3131
rroberts@nuzzo-roberts.com

---

Emotional distress is not an ordinary consequence of patent or copyright infringement, however, and would fall into the category of 'special damages' for those torts." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 832 (7th Cir. 1999) (internal citations omitted).

50. *See* DE 21 at ¶27.

*Attorneys for Defendants Caribbean Cruise Line and The Berkley Group*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court using the Clerk's CM/ECF system, and forwarded a copy to the following on May 30, 2013 by regular U.S. Mail to Seregei Lemberg, Esq., Lemberg & Associates, L.L.C., 1100 Summer Street, 3d Floor, Stamford, CT 06905.

*/s/Richard W. Epstein*
Richard W. Epstein