UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN HUDAK,<br>    Plaintiff,<br><br>v.<br><br>THE BERKLEY GROUP, INC.<br>and CARIBBEAN CRUISE LINE, INC.,<br>    Defendants. | :<br>:<br>:<br>:   Civil Action No. 3:13-cv-00089-WWE<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT CARIBBEAN CRUISE LINE, INC.'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Caribbean Cruise Line, Inc. ("CCL"), serves this Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Complaint") and states as follows:

**ANSWER**[1]

**JURISDICTION**

1.    CCL denies the allegations contained in Paragraph 1 of the Complaint, except to admit that Plaintiff purports to bring this action under 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.    Paragraph 2 requires no response from CCL in that the case law cited by Plaintiff speaks for itself. In the event that Paragraph 2 requires a response, CCL denies all allegations contained therein.

3.    CCL denies the allegations contained in Paragraph 3 of the Complaint, except to admit that Plaintiff alleges that supplemental jurisdiction exists here pursuant to 28 U.S.C. § 1367.

4.    CCL denies the allegations contained in Paragraph 4 of the Complaint.

---

[1]    CCL denies each and every allegation, matter, statement and thing contained in the Complaint except as may be hereinafter admitted, qualified or otherwise explained.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 2 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

5. CCL denies the allegations contained in Paragraph 5 of the Complaint, except to admit that Plaintiff purports that venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

7. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.

8. CCL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9. CCL admits only that it is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.

10. CCL denies the allegations contained in Paragraph 10 of the Complaint except to admit that CCL is a wholly-owned subsidiary of Resort Marketing Holdings, Inc.

11. CCL admits the allegations contained in Paragraph 11 of the Complaint.

## FACTS

12. CCL denies the allegations contained in Paragraph 12 of the Complaint.

13. CCL denies the allegations contained in Paragraph 13 of the Complaint. By way of further answer, CCL denies that it made or initiated any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

14. CCL denies the allegations contained in Paragraph 14 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 3 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

15. CCL denies the allegations contained in Paragraph 15 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

16. CCL denies the allegations contained in Paragraph 16 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

17. CCL denies the allegations contained in Paragraph 17 of the Complaint.

18. CCL would refer to the website that Plaintiff cites to in Paragraph 18 of the Complaint for the website's proper interpretation and effect.

19. CCL would refer to the website that Plaintiff cites to in Paragraph 19 of the Complaint for the website's proper interpretation and effect. Moreover, it is entirely unclear as to what the content on CCL's website has to do with any telephone calls that Plaintiff alleges mere made.

20. CCL denies the allegations contained in Paragraph 20 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

21. CCL denies the allegations contained in Paragraph 21 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 4 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

22. CCL denies the allegations contained in Paragraph 22 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

23. CCL denies the allegations contained in Paragraph 23 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

24. CCL denies the allegations contained in Paragraph 24 of the Complaint.

25. CCL denies the allegations contained in Paragraph 25 of the Complaint.

26. CCL admits that Plaintiff seeks damages in Paragraph 26 of the Complaint, but denies that Plaintiff is entitled to recover the damages alleged.

27. CCL admits that Plaintiff seeks damages in Paragraph 27 of the Complaint, but denies that Plaintiff is entitled to recover the damages alleged.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

28. CCL incorporates and realleges its responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. CCL denies the allegations contained in Paragraph 29 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 5 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

30. CCL denies the allegations contained in Paragraph 30 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

31. CCL denies the allegations contained in Paragraph 31 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

32. CCL denies the allegations contained in Paragraph 32 of the Complaint. By way of further answer, CCL denies that it made or initiated (or caused to be made or initiated) any unsolicited, telemarketing robocalls to Plaintiff's home telephone or otherwise violated the TCPA.

33. CCL admits that Plaintiff seeks damages in Paragraph 33 of the Complaint, but denies that Plaintiff is entitled to recover the damages alleged.

## PRAYER FOR RELIEF

CCL denies that Plaintiff is entitled to any of the damages, fees, or costs he seeks following the WHEREFORE clause.

## JURY DEMAND

CCL denies that Plaintiff is entitled to a trial by jury in this action.

## DEFENSES

Plaintiff alleges that "Defendants" have illegally contacted him to offer him a complimentary cruise package from CCL as part of a "joint telemarketing scheme to solicit

5

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 6 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

timeshare sales" for Defendant The Berkley Group ("Berkley").[2] Specifically, Plaintiff alleges that "Defendants' Robocalls started with the sound of a horn and continued with an artificial or prerecorded voice prompting Plaintiff to stay on the line to claim the 'free' cruise to the Bahamas he won."[3] However, CCL did not make or initiate the phone calls alleged by Plaintiff, nor did CCL control, supervise, manage or otherwise direct any entity to make the alleged calls. Despite repeated requests from CCL for Plaintiff to provide phone records demonstrating receipt of these calls, Plaintiff has provided no evidence that these calls occurred.

Accordingly, and incorporating the foregoing, CCL asserts the following Defenses and Affirmative Defenses:

**FIRST DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because CCL did not make or initiate the telephone calls to Plaintiff.[4]

---

2. *See* DE 21 at ¶¶16-20.
3. DE 21 at ¶15.
4. 47 U.S.C. § 227(b)(1)(A). Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list). Subsection 227(c)(5) is the only section within the entire text of the TCPA where Congress chose to use the words "on behalf of". Subsection 227(c) is not at issue in this case. *See also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls); *Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 at * 4 (C.D. Cal. June 25, 2012) (finding that Section 227(b) imposes liability only on the "maker" of the call); *Mey v. Pinnacle Security, LLC*, Civil Action No. 5:11CV47, 2012 WL 4009718, *4 (N.D. W. Va. Sep. 12) (finding that Section 227(b)(3) imposes liability only on the "maker" of the call); *Zerson v. PT Ins. Group*, No. 11 C 7919, 2012 WL 5936286 (N.D. Ill. Nov. 27) (analyzing a junk fax TCPA claim pursuant to § 227(b)(1)(C) and refusing to impose liability on the entity that did not send the alleged violative fax despite paying a third party to send the fax on its behalf); *Zhu v. Dish Network, LLC*, 808 F.Supp.2d 815 (E.D. Va. 2011) (concluding that the VTPPA did not impose liability on the provider whose independently controlled telemarketers violated the statute); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005) (concluding that liability may be affixed upon a person who "makes" a telephone call or "uses" a fax machine and refusing to impose liability upon a company's promoter where there was no evidence of direct involvement in the decision to send, or in the

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 7 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

### SECOND DEFENSE

Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

### THIRD DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by CCL, but by another person or entity, including Plaintiff, for whom CCL is not responsible and over whose activities CCL exercises no control and/or has no right to control.

### FOURTH DEFENSE

CCL is not liable for the acts of the third party(ies) making and/or initiating the call(s) and recovery, if any, should be from the third party(ies) that made and/or initiated the telephone call(s), not CCL.[5]

### FIFTH DEFENSE

CCL is not liable for acts of a third party(ies) that made the alleged telephone call(s) because such party was, at all relevant times, separate and distinct from CCL and CCL has no ownership, direction or control of any such party(ies).[6]

### SIXTH DEFENSE

Plaintiff's claims may be barred because Plaintiff did not suffer any actual damages.

### SEVENTH DEFENSE

Plaintiff's claims for emotional distress damages are barred because the TCPA does not contemplate or permit special damages.

---

sending of, the allegedly prohibited facsimiles); *Charvart v. Echostar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009) *appeal pending*, 630 F.3d 459 (2010); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167.

5.   *See Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV, 2013 WL 1899616, *12 (S.D. Fla. May 8, 2013); *Applestein v. Fairfield Resorts*, No. 0004, Sept. Term, 2007, 2009 WL 5604429 (Md. Ct. Spec. App. July 8, 2009); *see also Taco Bell Corp.*, 2012 WL 3047351 at * 4; *Mey*, 2012 WL 4009718 at *4.

6.   *See supra* fn 4-5.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 8 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

### EIGHTH DEFENSE

To the extent Plaintiff seeks to hold CCL liable under the TCPA for telephone calls it did not make and/or initiate, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.[7]

### NINTH DEFENSE

To the extent Plaintiff seeks to hold CCL liable under any theory of vicarious liability, no such claims have been pleaded nor does the law provide for such a remedy. Even if such a claim were properly pleaded in the Complaint, the claim would be barred because the TCPA does not permit vicarious liability.[8]

### TENTH DEFENSE

Plaintiff's claims are barred because CCL did not use an automatic telephone dialing system as defined under the TCPA.[9]

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

CCL complied with all applicable statutory, regulatory, and common law requirements and, accordingly, Plaintiff's claims are barred by CCL's compliance with all applicable state, federal, and local laws and regulations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of waiver because, among other things, Plaintiff expressly consented to being contacted by CCL.[10]

---

7. *See supra* fn 4-5.
8. *See supra* fn 4-5.
9. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).
10. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 904-05 (N.D. Ill.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 9 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by his consent to be called on his residential and/or cellular telephone.[11]

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred for failure to join necessary and indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on CCL of statutory damages and/or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the Florida Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates CCL's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, based in part on Plaintiff's failure to notify the calling party and failure to request that the calls cease.

---

2012))

11.   *See supra* fn 7.

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 10 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of ratification.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, CCL incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

### RESERVATION

CCL reserves the right to amend this Answer up and through the time of trial to assert any additional defenses or affirmative defenses when, and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant, Caribbean Cruise Line, Inc., respectfully requests that this Court enter judgment against Plaintiff and in favor of CCL, dismiss this action with prejudice, award CCL its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: February 5, 2014

**GREENSPOON MARDER, P.A.**

*s/Richard W. Epstein*
Richard W. Epstein, (Fla. Bar No. 229091)
*Admitted Pro Hac Vice*
E-mail: richard.epstein@gmlaw.com
Jeffrey A. Backman, (Fla. Bar No. 662501)
*Admitted Pro Hac Vice*
E-mail: jeffrey.backman@gmlaw.com
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)

Case 3:13-cv-00089-WWE   Document 34   Filed 02/05/14   Page 11 of 11

Civil Action No. 3:13-cv-00089-WWE
*CCL's Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint*

-and-

**NUZZO & ROBERTS, L.L.C.**
Richard A. Roberts
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
203.250.2000 (Telephone)
203.250.3131 (Facsimile)
E-mail: Rroberts@nuzzo-roberts.com

*Attorneys for Caribbean Cruise Line, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court using the Clerk's CM/ECF system which will generate notification to the following counsel of record on this 5th day of February, 2014:

Sergei Lemberg, Esq.
**LEMBERG & ASSOCIATES LLC**
1100 Summer Street, 3rd Floor
Stamford, Connecticut 06905
203.653.2250 (Telephone)
203.653.3424 (Facsimile)

*s/Richard W. Epstein*
Richard W. Epstein, (Fla. Bar No. 229091)